◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT JACK HINTON, Appellant.— Order of the Supreme Court, Richmond County, entered April 18, 1972 *nunc pro tunc* as of July 17, 1970, affirmed. The sentence minutes were apparently available at the time defendant appealed from the judgment of conviction. He could have raised the allocution question at that time. He failed to do so. He may not now do so by way of a *coram nobis* application (*People* v. *Sullivan*, 3 N Y 2d 196). Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH PAUL RUSSELL, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered December 16, 1971, convicting him of criminal possession of a dangerous drug in the fifth degree, upon his plea of guilty, and sentencing him to an indeterminate prison term not to exceed three years. Judgment affirmed. Although no medical examination was conducted to determine whether defendant was a narcotic addict, in our opinion, under the circumstances herein, strict and literal compliance with sections 207 and 208 of the Mental Hygiene Law was unnecessary. As indicated by the probation report which was before the court at the time of sentencing, defendant had a long history of drug-related arrests and convictions. He had previously been certified to the custody of the Narcotic Addiction Control Commission pursuant to section 210 of the Mental Hygiene Law and had been released from that custody to aftercare only two weeks prior to his arrest on the instant charge. It is perfectly clear that there was a tacit understanding by all parties concerned during these proceedings that defendant was an addict. At the sentencing, defense counsel, in essence, requested that defendant be returned to the custody of the commission. The court, in so many words, responded that such a disposition had previously been unsuccessful and that the court therefore believed that a prison sentence was in order. Thus, the record amply demonstrates that defendant was addicted and that the sentencing court considered defendant's request for treatment (*People* v. *Carter*, 31 N Y 2d 964; cf. *People* v. *Maranez*, 31 N Y 2d 828). We have considered and rejected defendant's other contentions. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.